(19 Misc. Rep. 359.)

CROSBY v. ROOT.

(City Court of New York, General Term. February 3, 1897.)

EXECUTION AGAINST THE PERSON—VACATION—IRREGULAR JUDGMENT.

An execution against the person of defendant cannot be vacated on the ground that the judgment was irregularly entered, since the regularity of a judgment entry can only be passed on in a direct application made for that purpose.

Action by George Crosby against James Harper Root. There was an order vacating an execution against the person of defendant, and plaintiff appeals. Reversed.

Argued before FITZSIMONS, CONLAN, and McCARTHY, JJ.

Furlong & White, for appellant.
Herbert & Ogden, for respondent.

CONLAN, J. This is an appeal from an order vacating and setting aside an execution against the person of the defendant. The action was commenced by the service of a summons with notice, as required by Code, § 419, and the defendant defaulting. Then plaintiff framed a complaint under subdivision 4 of section 549 of the Code of Civil Procedure, and entered judgment, without application to the court. Subsequently an execution against the property of the defendant was returned unsatisfied, and an execution against the person issued.

We are not called upon in this appeal to pass upon the regularity of the entry of the judgment. That can only be done upon a direct application made for that purpose. The only question before us is the order vacating the body execution. No claim was made that the execution is faulty in form, or prematurely or irregularly issued, but, rather, that the judgment was irregularly entered. While the judgment remains in force, it is sufficient to maintain the execution against the person. This court has passed upon this question in Roeber v. Dawson, 15 Civ. Proc. R. 417, 3 N. Y. Supp. 122.

Order vacating execution reversed, with costs. All concur.